37 F.3d 1509
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Melvin T. CURRIE, Plaintiff-Appellant,
v.
William A. PERRILL; W.M. Grahame; and Dr. Kowalski,
Defendants-Appellees.
 No. 94-1234.
 United States Court of Appeals, Tenth Circuit.
 Oct. 19, 1994.
 
 Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Currie appeals from the dismissal with prejudice of his 1983 and Eighth Amendment claims against, inter alia, Warden William A. Perrill of the Englewood Federal Correctional Institute. Mr. Currie suffers from the lingering after-effects of a severely broken leg. The Englewood medical staff have examined Mr. Currie on a periodic basis since his arrival at that institution, and have prescribed a treatment plan emphasizing self-directed physical therapy. Unhappy with the recommended treatment, Mr. Currie commenced this action.
 
 
 3
 We affirm for substantially the reasons given by the district court. Mr. Currie alleges that Englewood personnel have demonstrated a deliberate indifference to his serious medical needs sufficient to meet the test set forth in Estelle v. Gamble, 429 U.S. 97 (1976). See also Helling v. McKinney, --- U.S. ----, 113 S.Ct. 2475, 2481-82 (1993); Wilson v. Seiter, --- U.S. ----, 111 S.Ct. 2321, 2324-27 (1991); Clemmons v. Bohannon, 956 F.2d 1523 (10th Cir.1992). The actions of the Englewood staff, however, while not to the liking of Mr. Currie, do not exhibit "deliberate indifference" sufficient to ground his claim.
 
 
 4
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470